IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID Q. WEBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1267 (MN) |
| | ) |
| CHRISTIANA CARE HEALTH | ) |
| SERVICES, INC., et al., | ) |
| | ) |
| Defendants. | |

**MEMORANDUM OPINION**

David Q. Webb, Newark, Delaware – *Pro Se* Plaintiff

January 5, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff David Q. Webb ("Plaintiff") proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He filed this action pursuant to 42 U.S.C. § 2000d and 42 U.S.C. § 1983. (D.I. 2). This Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

The Complaint was filed on September 27, 2022. Plaintiff brings this action pursuant to 42 U.S.C. § 2000d and 42 U.S.C. § 1983 and alleges violations of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution. (D.I. 2 at 3). The claims concern Plaintiff's hospitalization at Christiana Care Health Services from August 19, 2022 through August 30, 2022. The Complaint contains seven counts, as follows: Count I for intentional discrimination under 42 U.S.C. § 2000e, under Title VI of the Civil Rights Act; Count II under 42 U.S.C. § 1983; Count III for illegal seizure under the Fourth Amendment of the United States Constitution; Count IV for invasion of privacy under the Ninth Amendment of the United States Constitution; Count V for violation of the right to equal protection under the Fourteenth Amendment of the United States Constitution; Count VI for intentional infliction of emotional distress; and, Count VII for vicarious liability. (*Id*. at 2-12). Plaintiff seeks compensatory and punitive damages. (*Id*. at 13).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true

1

and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, this Court, however, must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint

2

must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. 42 U.S.C. § 2000d

In Count I Plaintiff alleges that Defendants Christiana Care Health Services, Inc. and Christiana Care Hospital – Newark Campus – Heart & Vascular Health Center used "Plaintiff's . . . person as a human pawn for five nights and four days without providing" critical cardiac

medical care in a timely fashion "by intentionally discriminating" based on Plaintiff's color, race and national origin in violation of 42 U.S.C. 2000d. (D.I. 2 at 3-4). The Complaint alleges that Defendants are recipients of federal funding. The Complaint does not reference Plaintiff's color, race or national origin.

Title VI of the Civil Rights Act VI prohibits discrimination based on race, color or national origin by recipients of federal funding. *See* 42 U.S.C. § 2000d. As pled, the Title VI claims fail. Plaintiff had not identified his protected class and the Title VI claim is alleged in a conclusory manner. Therefore, Count I will be dismissed.

### B.     42 U.S.C. § 1983

Counts II through V are raised pursuant to 42 U.S.C. § 1983 and allege violations of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution. Count II specifically speaks to 42 U.S.C. § 1983 and is raised against all Defendants in their official capacities. (D.I. 2 at 4). Counts III, IV and V incorporate facts from Count I and II, do not refer to § 1983, but do allege violations of Plaintiff's constitutional rights. Liberally construing Plaintiff's Complaint as the Court must, Plaintiff sues Defendants in their individual and official capacities under 42 U.S.C. § 1983.

Plaintiff alleges that all Defendants are "'state actors under color of state law' as the State of Delaware and the federal laws and statutes highly regulates the duties and responsibilities" of Defendants. (D.I. 2 at 4). The Court takes judicial notice that all Defendants fall under the umbrella of ChristianaCare, a private, not-for-profit regional health care system, http://www.christianacare.org (last visited Dec. 13, 2022).

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.

4

*West v. Atkins*, 487 U.S. 42, 48 (1988). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. As noted, all Defendants fall under the umbrella of ChristianaCare, a private not-for-profit regional health care system. In addition, it appears that the Doe Defendants are all employed by ChristianaCare. The conclusory allegations that Defendants are state actors does not suffice when none of the defendants are "clothed with the authority of state law." *See Henry v. Balas*, No. 03-771-GMS, 2004 WL 2211956, at *2 (D. Del. Sept. 23, 2004) (Christiana Health Services is a private corporation and is not "in any way" clothed with the authority of state law).

Therefore, Counts II, III, IV and V will be dismissed.

C.     **Intentional Infliction of Emotional Distress**

Count VI alleges that Plaintiff was subject to intentional infliction of emotional distress as a result of Defendants' actions. (D.I. 2 at 10-11). Delaware applies Restatement (Second) of Torts § 46 in defining the elements of intentional infliction of emotional distress. *See Cummings v. Pinder*, 574 A.2d 843, 845 (Del. 1990) (per curiam). That section imposes liability, in relevant part, on "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . and if bodily harm to the other results from it, for such bodily harm." Outrageous conduct is "conduct that exceeds the bounds of decency and is regarded as intolerable in a civilized community." *Goode v. Bayhealth Med. Ctr., Inc.*, 931 A.2d 437, 2007 WL 2050761, at *2 (Del. July 18, 2007) (Table).

Count VI fails to state a claim for intentional infliction of emotional distress. As pleaded, it cannot be said that Defendants are liable for intentional infliction of emotional distress. Plaintiff was provided medical care; but not in a manner that he found comfortable. At most, and this is a

5

stretch, the alleged behavior may be negligent but it does not amount to conduct that "exceeds the bounds of decency." Therefore, Count VI will be dismissed.

### D. Vicarious Liability

Count VII alleges vicarious liability. (D.I. 2 at 11-12). Plaintiff alleges that Christiana Care Health Services, Inc. is vicariously liable for the acts of its employees in providing medical care. Plaintiff's claim of vicarious liability/respondeat superior claim will be dismissed because all Counts and their underlying claims will be dismissed for failure to state claims upon which relief can be granted. *See Greco v. University of Del.*, 619 A.2d 900, 903 (Del. 1993) ("[A] viable cause of action against the employee for negligence is a condition precedent to imputing vicarious liability for such negligence to the employer pursuant to the theory of respondeat superior."); *accord Kolber v. Body Cent. Corp.*, 967 F. Supp. 2d 1061, 1072 (D. Del. 2013).

### IV. CONCLUSION

For the above reasons, this Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.